IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NAJEE ANTHONY SHAREEF,

      Plaintiff,

v.

SELECT PORTFOLIO SERVICING,
INC., *et al.*,

      Defendants.

CIVIL ACTION FILE NO.

1:25-cv-2697-MHC-JKL

## ORDER AND FINAL REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff Najee Shareef's response to the Court's show cause order requiring him to file proof of service or otherwise show good cause for his failure to serve Defendants Select Portfolio Servicing, Inc. ("SPS") and Indy Mac Bank ("Indy Mac") [Doc. 68], Plaintiff's motion for entry of default and for default judgment [Doc. 69], and Plaintiff's motion for leave to register for and file documents electronically through cm/ecf [Doc. 70]. Plaintiff's response to the show cause order [Doc. 68] demonstrates that he did not properly serve SPS or Indy Mac within 90 days—and indeed, that he still has not properly served these defendants—as required by Rule 4 of the Federal Rules of Civil Procedure. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims against SPS and Indy Mac be **DISMISSED WITHOUT**

**PREJUDICE** pursuant to Federal Rule 4(m). Given the pending Report & Recommendation ("R&R") recommending dismissal on the merits of Plaintiff's claims asserted against the remaining defendants in the case, the undersigned **DENIES as moot** Plaintiff's motion requesting cm/ecf access [Doc. 70] and **RECOMMENDS** that Plaintiff's motion for entry of default and for default judgment [Doc. 69] be **DENIED as moot** and that this case be **DISMISSED** in its entirety.

## I.    BACKGROUND

The undersigned described the facts underlying this case in detail in its previous R&R and show cause order. [*See* Docs. 64, 65.] Briefly, and as relevant to the issues now before the Court, Plaintiff filed his initial complaint on May 14, 2025, naming SPS as a defendant. [Doc. 1.] He subsequently filed an amended complaint again naming SPS, and adding Indy Mac, as a defendant. [Doc. 6.] Although Plaintiff obtained a summons and filed proof of service for SPS [Docs. 2, 4] as to his initial complaint, he filed his amended complaint before SPS's time to answer or otherwise respond to the complaint lapsed. [*See* Doc. 6; *see also* Doc. 21 (denying motion for default judgment against SPS because Plaintiff filed an amended complaint prior to the deadline for the answer).] There is no indication

in the record that SPS has been served with the amended complaint or that Indy Mac has been served at all.

The undersigned issued a show cause order on November 5, 2025, noting the failure of service.  [Doc. 64.]  Plaintiff was advised in the order that the amended complaint, which added new claims[1] against SPS, was required to be served on SPS in accordance with Rule 4 of the Federal Rules of Civil Procedure.[2] [*Id.* at 2 (citing Fed. R. Civ. P. 5(a)(1)(B) and *Beverley v. Jam Electric, LLC*, Case No. 6:23-cv-559-CEM-UAM, 2025 WL 268257 at *2 (M.D. Fla. Jan. 22, 2025) and noting that service of the amended complaint in accordance with Federal Rule 4 was required because the changes made in the amendment "were material and substantial").]  He was further alerted to the lack of any indication in the record that Indy Mac had been served with the amended complaint.  [*Id.* at 3.]

---

[1] Plaintiff's amended complaint includes previously unasserted claims against SPS for securities fraud, elder abuse, illegal foreclosure, conversion, and federal racketeering violations.  [*Compare* Doc. 1 *with* Doc. 6 at 12-24.]

[2] The undersigned explained that while there are exceptions to this requirement, none of those exceptions apply here.  [*See* Doc. 64 at 2 n.1 (citing the exceptions found in Fed. R. Civ. P. 5(a)(1)(B), (a)(2) that apply when the Court "orders otherwise under Rule 5(c) because there are numerous defendants" and when a party "is in default for failing to appear" and the pleading does not assert "a new claim for relief" against that party).]

In addition to the above guidance, Plaintiff was instructed in the order as to Federal Rule of Civil Procedure 4(m), which provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). [Doc. 64 at 3.] Noting that Rule 4(m)'s 90-day deadline had expired, the undersigned ordered Plaintiff, within fourteen days, to file proof of service as to SPS and Indy Mac or otherwise show good cause for the failure to effect service on those defendants. [*Id.*]

It is evident from Plaintiff's response to the show cause order that he has not served SPS or Indy Mac in accordance with Federal Rule 4. [*See* Doc. 68.] Specifically, the response makes clear that Plaintiff did not serve SPS or Indy Mac in a manner authorized by Federal Rule 4(h) for serving a corporation. As explained further below, dismissal of the claims asserted against these defendants is thus warranted under Federal Rule 4(m). Meanwhile, the undersigned has issued a separate R&R recommending dismissal on the merits of the claims asserted against the remaining defendants in the case, and the R&R is on submission to the District Court. [*See* Doc. 65.] Accordingly, the case is due to be dismissed in its entirety.

4

In addition to the service issues, Plaintiff has filed a motion for entry of default and for default judgment [Doc. 69] and a motion for leave to register for and file documents electronically through the cm/ecf system [Doc. 70]. Given the recommendation that this case be dismissed in its entirety, the undersigned denies Plaintiff's motion for cm/ecf access as moot and likewise recommends that Plaintiff's motion for default judgment be denied as moot.

## II.    DISCUSSION

### A.    Failure of Service as to SPS and Indy Mac

As discussed, the undersigned noted in its previous show cause order that Plaintiff failed to serve the amended complaint on SPS or Indy Mac within the applicable 90-day time frame. Although Plaintiff timely served the initial complaint on SPS, service of the amended complaint in accordance with Federal Rule 4 was required because the amended complaint added new claims and sought additional relief against SPS. *See* Fed. R. Civ. P. 5(a)(1)(B). Service in accordance with Rule 4 also was required as to Indy Mac, who was named as a defendant for the first time in the amended complaint and who never was served with a summons or complaint. *See* Fed. R. Civ. P. 4(a)-(c).

In response to the show cause order, Plaintiff states that he completed service within 90 days of filing the amended complaint, but the only proof he

provides is a series of certified mail receipts and a note from the process server that he had to do a "manual search for JP Morgan Chase." [*See* Doc. 68 at 4-9.] This showing is insufficient to comply with the Court's show cause order or otherwise show that service has been accomplished.

As an initial matter, the process server's note is irrelevant, as it has nothing to do with the service of SPS and Indy Mac. Nor do the certified mail receipts show service in accordance with Federal Rule 4, which provides for corporate service "in one of two ways." *See Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (citing Fed. R. Civ. P. 4(h)(1), 4(e)(1)). "First, a plaintiff may use any method of service allowed in the state where the district court is located or where service is made." *Id.* The relevant state here is Georgia, which only provides for service by certified mail if the defendant agrees to waive personal service. *See* O.C.G.A. § 9-11-4(d). There is no evidence that SPS or Indy Mac agreed to waive service here, so under Georgia law Plaintiff was required to serve these defendants by "delivering a copy of the summons attached to a copy of the complaint . . . to the president or other officer . . . managing agent . . . or a registered agent." *Id.* § 9-11-4(e).[3] There is no indication he did so.

---

[3] Georgia law provides an alternative means of service when it "cannot be had in such manner" but Plaintiff has not shown that requirement is met here, nor has he shown that he accomplished service by the alternative means provided, which

6

Federal Rule 4(h) provides an alternative, but similar, means of service on a corporation by "*delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process." *Dyer*, 318 F. App'x at 844 (emphasis in original, quotation marks omitted). The term delivering in this context "refer[s] to personal service." *Id.* As such, sending a copy of the complaint by certified mail is insufficient unless the defendant has agreed to waive service. *See id*.

As evidenced by Plaintiff's response to the show cause order, he did not personally serve an officer or other agent of SPS or Indy Mac within 90 days of filing his amended complaint on June 2, 2025, and indeed, he still has not personally served an officer or agent of either defendant. [*See* Doc. 68.] Nor has he filed a waiver of service as to these defendants. Accordingly, the undersigned recommends dismissal of Plaintiff's claims against SPS and Indy Mac pursuant to Federal Rule 4(m), which states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

---

requires delivering a copy of the summons and complaint to the Secretary of State along with a certification by affidavit that the plaintiff has forwarded by registered mail the summons and complaint to the last known address of the corporation's office or agent. *See* O.C.G.A. § 9-11-4(e)(1)(A).

Fed. R. Civ. P. 4(m).  Per the terms of Rule 4(m), the dismissal should be without prejudice.

**B.    Remaining Motions and Dismissal of the Case**

Given the undersigned's pending R&R recommending dismissal of Plaintiff's claims against the remaining defendants on the merits, the dismissal of SPS and Indy Mac leaves no remaining claims to be decided in this case.  [*See* Doc. 65.]  Accordingly, the undersigned further recommends dismissal of this case in its entirety.  In accordance with this recommendation, the undersigned denies as moot Plaintiff's motion for leave to register and file documents electronically through the cm/ecf system and recommends that Plaintiff's motion for entry of default and for default judgment [Doc. 69] likewise be denied as moot.[4]

---

[4] But even considering the motion for entry of default and for default judgment on its merits, the motion is due to be denied.  Plaintiff is not entitled to entry of default against SPS or IndyMac because he has not served either of them.  And since entry of default is a necessary precondition to the entry of a default judgment, he is not entitled to default judgment either.  *See* Fed. R. Civ. P. 55; *Bonny v. Benchmark Brands, Inc.*, 1:16-cv-3150-WSD, 2017 WL 1216926, at *1 (N.D. Ga. Mar. 10, 2017); *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004).

## III.    CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's claims against SPS and Indy Mac be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule 4(m).  Given the pending Report & Recommendation ("R&R") recommending dismissal on the merits of Plaintiff's claims against the remaining defendants in the case, the undersigned **DENIES as moot** Plaintiff's motion requesting cm/ecf access [Doc. 70] and **RECOMMENDS** that Plaintiff's motion for entry of default and for default judgment [Doc. 69] be **DENIED as moot** and that this case be **DISMISSED** in its entirety, albeit without prejudice as to SPS and Indy Mac.  As there are no other matters pending for decision in this case, the Clerk is directed to terminate the reference of the case to the undersigned.

SO ORDERED and RECOMMENDED this 19th day of November, 2025.

JOHN K. LARKINS III
United States Magistrate Judge