FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 24 2025

KEVIN P. WEIMER, Clerk
By: Matthew H. Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Najee Anthony Shareef,

Plaintiff,

v.                                            Civil Action No.: 1:25-CV-02697 – MHC

Chase Bank, et, al

Defendants.

**PLAINTIFF'S SUPPLEMENTAL COMPREHENSIVE OBJECTIONS TO FINAL REPORT AND RECOMMENDATION [DOC. 72] PURSUANT TO 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), AND N.D. GA. L.R. 72.1(B) - WITH PROOF OF GOOD CAUSE, REQUEST FOR DE NOVO REVIEW, EVIDENTIARY HEARING, AND ALLEGATIONS OF JUDICIAL BIAS**

COMES NOW, Najee Anthony Shareef, Plaintiff pro se, and pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and N.D. Ga. L.R. 72.1(B), files this supplemental comprehensive, specific written objections to the Magistrate Judge's Final Report and Recommendation ("Final R&R") entered November 19, 2025 [Doc. 72]. This supplemental filing incorporates by reference Plaintiff's original objections filed November 17, 2025 [Doc. 67], which were timely submitted within 14 days of the prior Non-Final R&R [Doc. 65] (entered November 5, 2025, discovered via PACER on November 14, 2025, with physical mail delayed due to eviction). These supplemental objections are filed within 14 days of service of the Final R&R (discovered via PACER on November 20, 2025; physical mail received November 23, 2025), and address additional points not fully covered in [Doc. 67], including why the service issues are moot, judicial bias, and the Court's failure to address constitutional violations. Plaintiff specifies with particularity the Final R&R's clearly erroneous factual findings and conclusions of law, including page-by-page references. Plaintiff requests de novo review by the District Judge, an evidentiary hearing on service, default, electronic filing, and bias issues, and denial of the

recommendations to dismiss claims against Select Portfolio Servicing, Inc. ("SPS") and IndyMac Bank ("IndyMac") [Final R&R pp. 1, 8-9], deny the motion for default [Doc. 69] (pp. 7-8), and deny the motion for electronic filing [Doc. 70] (p. 8).

## I. INTRODUCTION AND GOOD CAUSE FOR SUPPLEMENTAL FILING AND ANY PERCEIVED DELAY

This supplemental filing builds on Plaintiff's timely original objections [Doc. 67] and response to the show cause order [Doc. 68], both filed November 17, 2025, which provided service proofs and addressed all issues in the prior Non-Final R&R [Doc. 65]. The Final R&R [Doc. 72] erroneously overlooks this compliance, recommending dismissal without prejudice under Fed. R. Civ. P. 4(m) (pp. 1, 8-9) despite good cause shown. There is no justification for dismissal: Service was proper and timely (within 90 days of filing on May 14, 2025), or alternatively, good cause excuses any technical defect, and the issue is moot due to defendants' actual notice and appearances via motions to dismiss [Docs. 7, 35]. Moreover, court filings are being delayed (e.g., Plaintiff's November 17, 2025 filings [Docs. 67-71] were docketed days later), and the denial of electronic filing [Doc. 70, denied at Final R&R p. 8] limits response times to 3-4 days from PACER discovery to mailing deadlines, exacerbating hardships for this pro se plaintiff evicted from the subject property six months into this litigation. The Court has failed to address constitutional violations detailed in the amended complaint [Doc. 6, ¶¶ 10-85] (e.g., due process under 14th Amendment, § 1983 claims, Fourth Amendment excessive force during eviction). Motions to dismiss [Docs. 7, 35] should be denied as moot or on merits, and default entered against non-responding defendants [Doc. 69].

**Declaration of Good Cause:** Plaintiff declares under penalty of perjury (28 U.S.C. § 1746) that: (1) Eviction from the subject property on May 2, 2025, caused ongoing mail delays and access issues; (2) Plaintiff updated address to P.O. Box 592, Redan, GA 30074 [Doc. 70]; All filings from plaintiff has the P.O. Box for mailings and at no time were instructions given to send correspondences to 5661 Rutland Trace. (3) Original responses [Docs. 67-71] were filed November 17, 2025, but docketed late due to court delays; (4) PACER monitoring confirms timely discovery and responses; (5) Denial of electronic filing forces reliance on mail, limiting effective response time to 3-4 days amid eviction hardships. This constitutes good cause under

Fed. R. Civ. P. 6(b)(1)(B) and 4(m). See Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (good cause for pro se litigants facing hardships); Henderson v. United States, 517 U.S. 654, 662 (1996) (leniency for pro se plaintiffs).

## II. SPECIFIC SUPPLEMENTAL OBJECTIONS TO FACTUAL FINDINGS AND LEGAL CONCLUSIONS (BASED ON ATTACHMENT REVIEW)

### A. The Service Issue Is Moot Because Defendants Were Notified and Filed Motions to Dismiss (Supplementing Objections to Final R&R pp. 3-6)

The Final R&R's finding that service on SPS and IndyMac was improper (pp. 3-6) is erroneous, as the issue is moot: Defendants had actual notice of the lawsuit, as evidenced by their filings of motions to dismiss [Docs. 7 (AG/Walls), 35 (Chase)], waiving any service defects. Fed. R. Civ. P. 12(h)(1) (defenses like insufficient service under 12(b)(5) are waived if not raised in the first motion or answer). See Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) (filing responsive pleadings without raising service waives the defense). SPS, as subservicer for Chase, shares counsel (McCalla Raymer Leibert Pierce, LLP) who filed [Doc. 35] without contesting service, implying joint notice and waiver. AG/Walls filed [Doc. 7] similarly. No prejudice exists—defendants are actively defending. Dismissal ignores this; the service issue is moot, and claims should proceed. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (actual notice suffices if no prejudice). [Doc. 68, pp. 1-3, Ex. A-1, A-2 (service proofs); Doc. 67, pp. 3-4.]

### B. Erroneous Finding That Service on SPS Was Improper; Issue Moot (Final R&R pp. 3-5)

Supplementing prior objections: Service on SPS/Chase via process server on shared counsel in July 14th 2025 [Doc. 68, Ex. A-2] was proper, or moot per above. McCalla represents both SPS/Chase, with actual knowledge via joint filings. 12 U.S.C. § 2605 (RESPA subservicer notice). Extend time if needed under Rule 4(m) discretion, given pro se status and good cause. [Doc. 65, pp. 1-2 (background); Doc. 68, pp. 1-3.]

### C. Erroneous Finding That Service on IndyMac Was Improper; Proper via FDIC (Final R&R pp. 5-6)

Supplementing prior objections: IndyMac is defunct (failed 2008), with FDIC as receiver; service via certified/registered mail to FDIC on July 16, 2025 [Doc. 68, Ex. A-1] complies with federal law. 12 U.S.C. § 1821(d)(3) (service on FDIC as receiver proper for failed banks under FIRREA); see FDIC v. Meyer, 510 U.S. 471, 475 (1994) (claims against failed banks proceed via FDIC). Plaintiff exhausted administrative remedies [Doc. 6 ¶¶ 45-50]. No appearance by IndyMac/FDIC, but issue not moot—substitute FDIC if needed. Fed. R. Civ. P. 25(c). Dismissal ignores this statutory framework. [Doc. 65, p. 6 (IndyMac mention).]

**D. Erroneous Recommendation to Deny Motion for Default [Doc. 69] (Final R&R pp. 7-8)**

Supplementing prior objections: SPS and IndyMac have not answered; default proper. Fed. R. Civ. P. 55(a). Only Chase and AG/Walls appeared, but SPS/IndyMac defaults warrant evidentiary hearing on damages ($500,000+ for fraud, wrongful foreclosure). [Doc. 69, pp. 1-4; Doc. 67, p. 4.]

**E. Erroneous Recommendation to Deny Motion for Electronic Filing [Doc. 70] (Final R&R p. 8)**

Supplementing prior objections: Denial ignores exceptional circumstances (eviction, mail delays, case complexity 6 months in). N.D. Ga. Admin. Proc. for Elec. Filing § II(B) allows discretion; denial violates due process. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Grant and direct Clerk to register Plaintiff. [Docs. 70-71, pp. 1-3.]

**F. Court Failed to Address Constitutional Violations (Supplementing Objections to Non-Final R&R [Doc. 65 pp. 7-44])**

The Non-Final R&R [Doc. 65] recommends dismissal on merits but ignores detailed constitutional claims in amended complaint [Doc. 6]: Due process violations in foreclosure/eviction (14th Amendment, § 1983 - Counts I-II); excessive force by DeKalb marshals (4th Amendment - Count XI); RICO interstate violations (Count XII). Evidence supports: Forged docs [Doc. 65, p. 3], violence [Doc. 65, p. 7]. Clear error: Dismissal without addressing. Relief: Deny dismissal.

### G. Judicial Bias in Dismissing Based on Service, Compared to Case 1:24-cv-04240

The Court is dismissing claims against SPS/IndyMac solely on service [Final R&R pp. 3-6], despite mootness and good cause. This appears biased: In Shareef v. Select Portfolio Servicing And/Or Assigns, No. 1:24-cv-04240 (NDGA, filed Sep. 20, 2024), a similar pro se case by Plaintiff, dismissed after 18 days (Oct. 8, 2024) for no service with small docket (3 entries). Here, 6 months later (filed May 14, 2025), the Court prolongs proceedings, ignores constitutional violations, and denies electronic filing, prejudicing pro se Plaintiff. Bias indicators: (1) Quick dismissal in 2024 case vs. lingering here; (2) Ignoring evidence [Docs. 67-68]; (3) AI criticism without specifics [Doc. 65 p. 2], while overlooking defendants' misstatements. Recusal warranted under 28 U.S.C. § 455(a). Relief: Investigate bias; overrule R&Rs.

### III. NO JUSTIFICATION FOR DISMISSAL; REQUEST FOR RELIEF

The Final R&R ignores timely filings [Docs. 67-71] and merits (valid TILA, RESPA, FDCPA claims). Service moot or proper; delays from court and electronic denial prejudice Plaintiff six months into litigation. Request: (1) De novo review; (2) Evidentiary hearing; (3) Overrule Final R&R; (4) Deny dismissals; (5) Enter default [Doc. 69]; (6) Grant electronic filing [Doc. 70]; (7) Investigate bias/recuse.

Respectfully submitted this 24th day of November, 2025.

*/s/ Najee-Anthony: Shareef*

Najee Anthony Shareef
Pro Se
P.O. Box 592
Redan, GA 30074
unitygroupatl@gmail.com

(770) 674-8177

## CERTIFICATE OF SERVICE

I certify that on November 24th, 2025, I served this Motion and exhibits via U.S. Mail and email on all counsel of record per Doc. 61 NEF:

- Michael Patrick Johanning (michael@mwa.law)
- Scott Robert Hoopes (scott@hoopeslawgroup.com)
- William Oxford Tate (william.tate@mccalla.com)
- Kelly Wright (kelly.wright@mccalla.com)
- Linh D. Donsum (linh.donsum@mccalla.com)
- Yadi Reyes (yadi.reyes@mccalla.com)
- Zachary Miller (zach@mwa.law)

/s/ Najee-Anthony: Shareef

Najee Anthony Shareef