IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NAJEE ANTHONY SHAREEF,

      Plaintiff,

v.

SELECT PORTFOLIO
SERVICING, INC., JP MORGAN
CHASE BANK, INDY MAC BANK,
AG INVESTMENT HOLDINGS,
LLC, and TIMOTHY WALLS.

      Defendants.

CIVIL ACTION FILE

NO. 1:25-CV-2697-MHC-JKL

## ORDER

This matter is before the Court on: (1) the November 5, 2025, Non-Final

Report and Recommendation ("Non-Final R&R") of the Magistrate Judge [Doc.

65] recommending that (a) Defendants AG Investments Holdings LLC ("AG

Investments") and Timothy Walls ("Walls")'s Motion to Dismiss Plaintiff's

Amended Complaint [Doc. 7] and Defendant JP Morgan Chase Bank ("Chase")'s

Motion to Dismiss Amended Complaint [Doc. 35] be granted, (b) AG Investments

and Walls's Emergency Motion to Discharge Lis Pendens be denied, and (c)

Plaintiff's Motions to Supplement Complaint [Doc. 11], for Sanctions Against

Scott R Hoopes and Hoopes and Mills Law Firm [Doc. 43], to Reinstate Plaintiff

into Subject Property for Undue Hardship and Harm [Doc. 55], and for Preliminary

Injunction [Doc. 60] be denied; and (2) the November 19, 2025, Final Report and

Recommendation ("Final R&R") of the Magistrate Judge [Doc. 72] recommending

that (a) Plaintiff's claims against Defendants Select Portfolio Servicing, Inc.

("Select Portfolio") and Indy Mac Bank ("Indy Mac") be dismissed without

prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, (b)

Plaintiff's Renewed Motion for Entry of Default and Default Judgment [Doc. 69]

be denied as moot, and (c) that this case be dismissed in its entirety.  The Order for

Service of the Non-Final R&R [Doc. 66] and the Final R&R [Doc. 73] provided

notice that, in accordance with 28 U.S.C. § 636(b)(1), the parties were authorized to

file objections within fourteen (14) days of the receipt of that Order.  Plaintiff

timely filed his objections to the Non-Final R&R on November 17, 2025 ("Pl.'s

Objs. to Non-Final R&R") [Doc. 67], and to the Final R&R on November 24, 2025

("Pl.'s Objs. to Final R&R") [Doc. 75].

## I.    LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de

novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "Parties

filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).

Further, "the district court has broad discretion in reviewing a magistrate judge's report and recommendation"—it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1290-92 (11th Cir. 2009). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093,1095 (11th Cir. 1983). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

## II.     DISCUSSION

### A.     The Non-Final R&R

In his 44-page Non-Final R&R, the Magistrate Judge discussed the allegations and numerous claims made in Plaintiff's Amended Complaint and, although agreeing with the Moving Defendants that the Amended Complaint exhibited many of the hallmarks of a "shotgun complaint," nevertheless considered its merits. Non-Final R&R at 5-10, 11-14. With respect to the claims against Chase, the Magistrate Judge concluded that Plaintiff lacked standing to challenge the validity of the assignment of the underlying loan or security deed. Id. at 14-17. With respect to the claims against AG Investment and Walls, to the extent Plaintiff's claims are based on the purported invalidity of the foreclosure sale, the Magistrate Judge again concluded that Plaintiff lacks standing to challenge the assignment of the underlying loan or security deed; moreover, to the extent those claims are based on Plaintiff's eviction following foreclosure, those claims are barred under the Rooker[1]-Feldman[2] doctrine. Id. at 17-25. And even if the Court

---

[1] Rooker v. Fidelity Tr. Co., 263 U.S. 413 (1923).

[2] D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

has jurisdiction over Plaintiff's claims relating to his eviction, the Magistrate Judge concluded that each claim failed on its merits. Id. at 26-35.

The Magistrate Judge also recommends denial of Plaintiff's Motion to Supplement the Amended Complaint because doing so would be futile and unnecessarily prolong these proceedings. Id. at 35-39. Next, the Magistrate Judge recommends denial of Plaintiff's Motion to Reinstate him into his property and for Injunctive Relief because this Court previously denied injunctive relief on two other occasions and any attack on the state court dispossessory action is barred by Rooker-Feldman. Id. at 39-40. Finally, the Magistrate Judge recommends that Plaintiff's Motion for Sanctions be denied because it is unavailable under Rule 11 and there is no evidentiary basis to support the request. Id. at 41-42.

## B.    Plaintiff's Objections to the Non-Final R&R

Initially, Plaintiff's objections state in general terms he believes that he has presented evidence to support some of his claims, and that the Magistrate Judge's recommendation to dismiss "on procedural grounds (not merits) is manifestly unjust." Pl.'s Objs. to Non-Final R&R at 1-2. Plaintiff fails to provide any authority to support his standing to challenge the validity of the assignment of the mortgage or the application of the Rooker-Feldman doctrine and ignores the

Magistrate Judge's consideration of each of his claims relating to his eviction on the merits.

Plaintiff next states that he has shown good cause for any perceived delay in responding to the Moving Defendants' motions or filing his objections. Pl.'s Objs. to Non-Final R&R at 2-3. But nothing in the Non-Final R&R indicates that the recommendations are based on any delays in filing documents by Plaintiff.

Plaintiff then states a series of general objections that the Non-Final R&R "errs in recommending grant of [Motions to Dismiss]" because he presented "overwhelming evidence," that there were admissions ignored by the Magistrate Judge, and that there was error in denying Plaintiff's other motions. Id. at 3-4. These general objections are insufficient to cause the rejection of the Non-Final R&R.

Finally, Plaintiffs objects to the Magistrate Judge's "criticism" of his use of artificial intelligence to cite to non-existent case law and errors in other citations. Id. at 3 (citing Non-Final R&R at 2-4). Notwithstanding that a review of Plaintiff's "citations" proves the Magistrate Judge's point, the warning given by the Magistrate Judge with respect to Plaintiff's future filings had no impact on the full analysis conducted by the Magistrate Judge on each of Plaintiff's claims.

Therefore, Plaintiff's objections to the Non-Final R&R are all

**OVERRULED**.

### C.    The Final R&R

In his Final R&R, the Magistrate Judge noted that he issued a previous order

requiring Plaintiff to show cause why the Court should not dismiss Select Portfolio

and Indy Mac for failure to properly serve process within 90 days as required by

Rule 4(m).  Final R&R at 1, 3.  Plaintiff's response indicated that he still has not

properly served these two Defendants, which supports their dismissal without

prejudice and denial of Plaintiff' motions for entry of default and default judgment.

Id. at 2-8.  Because this leaves no remaining defendants or claims in the case, the

Magistrate Judge recommends dismissal of the case in its entirety.  Id. at 9.

### D.    Plaintiff's Objections to the Final R&R

Once again, Plaintiff states general objections that "builds upon" the

objections filed to the Non-Final R&R, complains about delays in mailing and

access to documents, and contends that service was "proper and timely."  Pl.'s

Objs. to Final R&R at 1-4.  However, the "Proof of Service" that Plaintiff refers to

[Doc. 68] fails to show that either Select Servicing or Indy Mac was served in

accordance with Rule 4(h) of the Federal Rules of Civil Procedure, which proscribes the manner for serving a corporation.[3]

## III.   CONCLUSION

Consequently, after a consideration of Plaintiff's objections and a de novo review of the record, it is hereby **ORDERED** that Plaintiff's Objections to the Non-Final R&R [Doc. 67] and the Final R&R [Doc. 75] are **OVERRULED**. As to the remainder of the R&R to which no objections have been filed, this Court has reviewed it and the record for plain error and finds none.

The Court **APPROVES and ADOPTS** the Non-Final Report and Recommendation [Doc. 65] and the Final Report and Recommendation [Doc. 72] as the Opinions and Orders of this Court.

It is hereby **ORDERED** as follows:

---

[3] Plaintiff includes within his objections an allegation of judicial bias because of the recommendation that the case should be dismissed as to two defendants for lack of service. Pl.'s Objs. to Final R&R at 5. Adverse rulings alone, in the same or a related case, are insufficient to demonstrate a court's impartiality absent a showing of pervasive bias. Bolin v. Story, 225 F.3d 1224, 1239 (11th Cir. 2000). And Plaintiff never filed a motion to recuse with facts supporting an allegation of pervasive bias.

(1)   Defendants AG Investment Holdings LLC and Timothy Walls's

Motion to Dismiss Plaintiff's Amended Complaint [Doc. 7] and

Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss

Amended Complaint [Doc. 35] are **GRANTED**.  Plaintiff's claims

against these Defendants are **DISMISSED WITH PREJUDICE**.

(2)   Defendants AG Investment Holdings LLC and Timothy Walls's

Emergency Motion to Discharge Lis Pendens [Doc. 62] is **DENIED**.

(3)   Plaintiff's Motion to Supplement Complaint [Doc. 11], Motion for

Sanctions Against Scott R. Hoopes and Hoops and Mills Law Firm

[Doc. 43], Motion to Reinstate Plaintiff into Subject Property for

Undue Hardship and Harm [Doc. 55], and Renewed Motion for

Preliminary Injunction, Reinstatement, and to Compel Documentary

Evidence [Doc. 60] are **DENIED**.

(4)   Plaintiff's Renewed Motion for Entry of Default and Motion for

Default Judgment [Doc. 69] is **DENIED AS MOOT**.

(5)   Plaintiff's claims against Defendants Select Portfolio Servicing, Inc.

and Indy Mac Bank are **DISMISSED WITHOUT PREJUDICE**

pursuant to Rule 4(m).

The Clerk is **DIRECTED** to close this case file.

**IT IS SO ORDERED** this 23rd day of December, 2025.


_____
MARK H. COHEN
United States District Judge